# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 23, 2010

No. 09-60463
Summary Calendar

Charles R. Fulbruge III
Clerk

LAWRENCE LITTEN,

                                        Plaintiff-Appellant,

versus

GRENADA COUNTY, MISSISSIPPI;
MICHAEL LOTT, In His Official and Personal Capacities,

                                        Defendants-Appellees.

* * * * * * * * * * * * * * *

No. 09-60502
Summary Calendar

FLETCHER FLY,

                                        Plaintiff-Appellant,

versus

YALOBUSHA COUNTY, MISSISSIPPI,

                                        Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 3:07-CV-91

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lawrence Litten and Fletcher Fly appeal a summary judgment dismissing their physical takings claims for lack of ripeness. The two cases in this consolidated appeal have no mutual parties or shared factual circumstances, yet both present the threshold issue of whether the ripeness requirement in *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985), applies to claims of physical takings. We recently held that it does. *See Severance v. Patterson*, 566 F.3d 490, 496-97 (5th Cir. 2009) (citing *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 294-95 (5th Cir. 2006)). The district court therefore properly dismissed both claims as unripe, and we AFFIRM.

## I.

The district court held that Litten and Fly had not sought or been denied just compensation, under available state procedures, for the alleged takings. Citing *Williamson*, the court held plaintiffs' claims to be unripe. Litten and Fly argue that *Williamson*'s ripeness rule applies only to regulatory takings and is inapplicable to their case. They recognize that our holding in *Severance* directly contradicts their assertion, but they argue that it was wrongly decided. That argument is foreclosed, because "one panel of this court cannot overrule the deci-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

sion of another panel." *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

Fly further asserts that the alleged takings violate the Public Use Clause. As an initial matter, a taking has not been established in either case. Even if we were to assume a taking, there has been no violation of the Public Use Clause. The land at issue is either a public road or the adjoining curtilage or right of way. "A taking of property for a highway is a taking for public use [that] has been universally recognized, from time immemorial." *Rindge Co. v. Los Angeles County*, 262 U.S. 700, 706 (1923). The public road and curtilage contain a water line and utility lines. Utility companies use the road to service and repair the transmission lines. The water and utility lines serve Fly's neighbors. A taking of property for public utility and water lines, like public highways, unquestionably satisfies the public use requirement of the Takings Clause.

There remain disputed issues of fact, but none is material. Fly argues that a part of the public road adjoining his property washed out several years ago, that the county neglected to repair it, and that the property was therefore abandoned and reverted to him. But until there is a denial of just compensation, there is no takings claim. *Williamson*, 473 U.S. at 195. Because plaintiffs' claims are unripe, we cannot address their substance.

Accordingly, the summary judgments, dismissing plaintiffs' claims for lack of ripeness, are AFFIRMED. We also AFFIRM the summary judgment as to Fly's private takings claim. All pending motions are DENIED.[1]

---

[1] Appellants' motion to strike the name of Honorable Thomas U. Reynolds from the response brief of Yalobusha County as an interested person is DENIED. Appellants' motions for sanctions against attorney John J. Crow, Jr., and for award of attorney fees are DENIED. Appellee Yalobusha County's motion for attorney fees and the motion for disciplinary action against R. Stewart Guernsey are also DENIED.